UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRI S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:18-cv-00940-RLY-TAB |
| ) | |
| NANCY A. BERRYHILL Deputy Commissioner ) | |
| for Operations, Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFF'S REQUEST FOR REMAND**

**I.   Introduction**

Plaintiff limits her appeal of the Social Security Administration's denial of benefits to one issue: whether the administrative law judge erred by failing to provide any reasoning for her decision to use Plaintiff's chronological age category when Plaintiff's age was within the borderline range between two categories. If the ALJ had analyzed the category criteria and moved Plaintiff into the higher age category, Plaintiff likely would have been found disabled. Defendant responds that Plaintiff fails to show the ALJ misapplied the relevant factors, and argues that none of the factors favor moving Plaintiff up an age category, making any failure to articulate her consideration of them harmless. As discussed below, the Magistrate Judge finds that the ALJ erred by failing to explain her choice between the age categories, and this error requires remand because the record may favor using the older age category.

**II.   Background**

Plaintiff first applied for supplemental security income in 2015, but the SSA denied her claim initially and upon review. The ALJ issued her decision denying benefits in July of 2017, and the SSA later adopted it. When the ALJ issued her decision, Plaintiff was roughly two

months from turning 55.  The SSA considers people between age 50 and 54 to be "closely approaching advanced age," and people 55 or older are considered to be of "advanced age."  20 C.F.R. § 416.936(d), (e).  ALJs apply different grid criteria at step five of the evaluation process based on these age categories.

The ALJ followed the SSA's five-step evaluation process.  *See* 20 C.F.R. § 404.1520(a) (explaining the five-step process).  At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since her application date.  At step two, the ALJ found Plaintiff had several severe impairments: mild degenerative joint disease of the right knee, degenerative disc disease of the lumbar spine, non-obstructive coronary artery disease and cardiomyopathy, diverticulosis, history of hemorrhoidal banding and sphincterotomy, and obesity.  At step three, the ALJ found Plaintiff's impairments did not meet or medically equal any of the impairment listings in 20 C.F.R. pt. 404, sub pt. P, app'x 1.  Before moving on to step four, the ALJ determined Plaintiff's residual functional capacity:

> [Plaintiff] has the residual functional capacity to perform light work as defined in 20 C.F.R. [§] 416.967(b) except she can lift, carry, push, or pull twenty pounds occasionally and ten pounds frequently.  She can sit for one hour at a time and a total of six hours in the eight-hour workday.  She can stand and/or walk for one hour at a time and a total of four hours in the eight-hour workday.  She occasionally can climb stairs and ramps, balance, stoop, and crouch.  She cannot kneel, crawl, or climb ladders, ropes, or scaffolds.  She cannot tolerate exposure to extreme cold, extreme heat, wetness, fumes, odors, gases, poor ventilation, or workplace hazards, such as unprotected heights, and dangerous, moving machinery.

[Filing No. 9-2, at ECF pp. 21-22, R. at pp. 20-21.]  The ALJ used this RFC finding to determine at step four that Plaintiff could not perform any past relevant work.

At step five, the ALJ pointed out that Plaintiff was 52 when she applied for SSI, which put her in the "closely approaching advanced age" category.  But the ALJ did not point out that Plaintiff was two months shy of turning 55 when she issued her decision.  The ALJ noted that

2

Plaintiff had at least a high school education and could communicate in English.  Next, the ALJ found that transferability of job skills was immaterial because the Medical-Vocational Rules framework supported the conclusion that Plaintiff was not disabled irrespective of whether her job skills were transferable.  Considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, the ALJ determined that there was a significant number of jobs in the national economy that Plaintiff could perform despite her limitations.  The ALJ therefore concluded that Plaintiff was not disabled.

### III.   Discussion

The Court reviews the ALJ's decision to ensure it is supported by substantial evidence. 42 U.S.C. § 405(g).  An ALJ's decision is not supported by substantial evidence if the Court cannot follow the ALJ's reasoning from the facts to her conclusion.  *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).  The Court does not substitute its own judgment for that of the ALJ by reweighing or re-deciding the facts.  *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000).

Plaintiff argues the decision is not supported by substantial evidence because the ALJ failed to explain her decision to treat Plaintiff as someone closely approaching advanced age, rather than someone of advanced age.  Plaintiff contends her age put her in a "borderline situation," which the SSA describes as being "within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant is] disabled."  20 C.F.R. § 416.963(b).  In a borderline situation, ALJs "will not apply the age categories mechanically," and instead will "evaluat[e] the overall impact of all the factors of [a claimant's] case."  *Id.*  At the time of the decision, Plaintiff's upcoming birthday put her roughly two months from being considered a person of advanced age, and under Grid

Rule 202.06 for claimants of advanced age, Plaintiff's limitations likely met the standard for disability. Defendant does not contest that Plaintiff was in a borderline situation.

In borderline situations, ALJs must provide reasoning for their decisions regarding under which age category to analyze the claimant's ability to work. *Pittenger v. Berryhill*, 2:17-cv-230, 2018 WL 4026291, at *6-7 (N.D. Ind. Aug. 23, 2018). In the absence of a ruling from the Seventh Circuit, the *Pittenger* court considered a circuit split, the Seventh Circuit's history of requiring sufficient discussion to permit meaningful review, and the consistency among district court decisions from within the Seventh Circuit. *Id.* at *7. The court concluded that, as with other elements of their decisions, ALJs must provide a logical bridge from the evidence to their conclusions regarding borderline situations. *Id.*

The court in *Ellsworth v. Colvin*, 13-cv-31-JDP, 2014 WL 3907139, at *11 (W.D. Wis. Aug. 11, 2014), acknowledged that this articulation requirement goes farther than what is required by the interpretive manual ALJs rely on to make sense of the often less than clear regulations. The Hearings, Appeals and Litigation Law Manual (HALLEX) tells ALJs they should use a "sliding scale" approach, weighing how far the claimant is from the next age range against any additional "vocational adversities." HALLEX II-5-3-2.[1] However, HALLEX expressly says that an ALJ "need not explain his or her use of the claimant's chronological age." *Id.* Nonetheless, Seventh Circuit courts consistently require ALJs to provide a minimal articulation of their reasoning so courts may review whether the decisions comply with 20 C.F.R. § 416.963, which prohibits mechanical applications of age categories in borderline situations. *Ellsworth*, 2014 WL 3907139, at *11 (collecting cases). In both *Pittenger* and *Ellsworth*, the ALJs recognized that the claimant was in a borderline situation, but stated they decided to use

---

[1] The meaning of "vocational adversities" is discussed below.

4

the claimants' chronological age.  *Pittenger*, 2018 WL 4026291, at *7; *Ellsworth*, 2014 WL 3907139, at *11.  Both courts found this to be inadequate, and both listed examples of other Seventh Circuit courts that likewise found that more analysis is necessary.  *Id.*  Further, another HALLEX provision, I-2-2-42(C)(5), states explicitly that "[t]he ALJ will explain in the decision that he or she considered the borderline age situation, state whether he or she applied the higher age category or the chronological age, and note the specific factor(s) he or she considered."

In deciding Plaintiff was not disabled, the ALJ merely indicated Plaintiff's chronological age at the time she first applied for benefits, 52, and relayed that the SSA considers this age to be "closely approaching advanced age."  [Filing No. 9-2, at ECF p. 28, R. at 27.]  The ALJ did not note that, by the time she issued her decision, Plaintiff was two months shy of turning 55.  The ALJ did not indicate she recognized that Plaintiff's age put her in a borderline situation.  The ALJ offered no explanation or analysis for her decision to use Plaintiff's chronological age.  It is possible that the ALJ did not analyze this issue at all, and simply applied the age categories mechanically.  In sum, it is impossible to review the ALJ's reasoning, and, in accordance with the consensus among Seventh Circuit courts, that is reversible error.

Defendant bases her response on HALLEX guidelines.  Defendant first contends that Plaintiff failed to "explain why the record evidence supported the conclusion that the older age category should apply."  [Filing No. 17, at ECF p. 5.]  Defendant argues that, because Plaintiff bases her challenge on HALLEX, Plaintiff has the burden to show the ALJ failed to comply with HALLEX.  [*Id.* at ECF pp. 5-6 (citing *Cromer v. Apfel*, 234 F.3d 1272, at *2-3 (7th Cir. 2000) (unpublished table opinion)).]  This argument is unavailing.  Plaintiff does not base her challenge on HALLEX.  Rather, she argues that the ALJ failed to follow 20 C.F.R. § 416.963(b), which plainly says ALJs "will not apply the age categories mechanically in a borderline situation."

Compliance with HALLEX does not work as a safe harbor for ALJs. *See Ellsworth*, 2014 WL 3907139, at *11 ("Although HALLEX allows the ALJ to forgo such an explanation, courts in this circuit have not accepted this approach, and have emphatically held that 'the ALJ's failure to acknowledge whether he considered [the] claimant's borderline age situation or otherwise explain his age category determination requires remand.'") (quoting *Sopko v. Colvin*, No. 12-cv-6240, 2013 WL 5497276, at *12 (N.D. Ill. Oct. 3, 2013)). Therefore, to demonstrate error, all Plaintiff needs to show is that the ALJ failed to explain how she decided which age category to apply.[2] Plaintiff made this showing.

Defendant next argues any error was harmless because the ALJ would have reached the same result based on the factors in HALLEX for determining whether to use the older age category. Defendant asserts that HALLEX II-5-3-2 directs ALJs to consider four factors in borderline situations: "whether the claimant (1) has a limited education, (2) is barely literate or has marginal ability to communicate in English, (3) has work experience limited to an isolated industry or work setting, or (4) has additional nonexertional limitations that would infringe on the occupational base." [Filing No. 17, at ECF p. 7 (citing HALLEX II-5-3-2; POMS DI 25015.006[3]).] Defendant contends none of these factors favors considering Plaintiff's ability to work under the advanced age category, so the ALJ's failure to discuss them is harmless.

The binding regulation is considerably more broad in scope than Defendant's representation of the SSA's guidelines. It does not restrict ALJs to a few factors to consider, but instead requires ALJs to "evaluat[e] the overall impact of all the factors of [the claimant's] case"

---

[2] Defendant's contention that Plaintiff waived her argument by failing to point to evidence showing the ALJ misapplied HALLEX is likewise unavailing.

[3] The Program Operations Manual System is an internal handbook for SSA employees. *Parker for Lamon v. Sullivan*, 891 F.2d 185, 189 n.4 (7th Cir. 1989).

when "consider[ing] whether to use the older age category." 20 C.F.R. § 416.963(b). The regulation does not define "all the factors of your case" or otherwise limit what ALJs are to consider. See id. Further, HALLEX II-5-3-2 does not contain an exhaustive list of criteria for determining whether to use a higher age category in a borderline situation. Rather, the four factors Defendant lists are merely examples of "vocational adversities," which HALLEX broadly defines as "some adjudicative factor [that is] relatively more adverse when considered in terms of that factor's stated criteria, or when there is an additional element which has adverse vocational implications." HALLEX II-5-3-2. Like the regulation, HALLEX does not define or limit what is a "factor" for the purposes of this determination.[4] With such a broad and case-specific definition, there are countless potential vocational adversities that may lead an ALJ to consider a claimant's ability to work under a higher age category.

      The bar for harmless error is a high one: "If it is predictable with great confidence that the agency will reinstate its decision on remand because the decision is overwhelmingly supported by the record though the agency's original opinion failed to marshal that support, then remanding is a waste of time." Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010). The Magistrate Judge is in no position to say that all the factors in Plaintiff's case overwhelmingly support considering Plaintiff's impairments under the closely approaching advanced age category. Upon reexamination of all the relevant factors, the ALJ may decide to evaluate Plaintiff's ability to work under the advanced age category. And under this category, Plaintiff likely meets the requirements to prove disability. Therefore, the ALJ's error was not harmless.

---

[4] The guideline does list age, RFC, education, and work experience as the factors that ALJs consider at step five. However, it does not limit the age category determination to these factors.

Finally, Defendant argues that Plaintiff concedes that she would only be eligible for benefits from the date of the ALJ's decision.  Plaintiff responds that she made no such concession, and that some courts have considered the borderline between age categories to extend as far as six months before the claimant's birthday.  *Pittenger v. Berryhill*, 2:17-cv-230, 2018 WL 4026291, at *6 (N.D. Ind. Aug. 23, 2018); *see also* HALLEX I-2-2-42(B)(1) ("Generally, SSA considers a few days to a few months to mean a period not to exceed six months.").  There is no reason for the Court to place an outer bound on when Plaintiff became disabled.  This factual determination should be left to the ALJ upon her review.

### IV. Conclusion

Accordingly, for the reasons above, Plaintiff's request for remand should be granted. [Filing No. 13.]  Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1).  Absent a showing of good cause, failure to file objections within 14 days after service shall constitute a waiver of subsequent review.

Date: 11/6/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.